UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLE ANN RADNOVICH,

    Plaintiff,

v.                                     Case No. 8:23-cv-0442-CEH-AAS

MARTIN O'MALLEY,
Commissioner,
Social Security Administration,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Carole Ann Radnovich requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the hearing before the Administrative Law Judge (ALJ), the administrative record, and the parties' briefs, the undersigned **RECOMMENDS** the Commissioner's decision be **AFFIRMED.**

**I.    PROCEDURAL HISTORY**

    Ms. Radnovich applied for DIB on September 26, 2017, and after an amendment, alleged a disability onset of September 5, 2014. (Tr. 15, 36). Disability examiners denied Ms. Radnovich's applications initially and on reconsideration. (Tr. 121–130). Following a hearing, the ALJ issued a decision

unfavorable to Ms. Radnovich on August 6, 2019. (Tr. 15–26). The Appeals Council denied Ms. Radnovich's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1–3). Ms. Radnovich requested judicial review of the Commissioner's decision. (Tr. 1433–1435). United States District Judge Mary S. Scriven remanded the case for further examination by the ALJ. (Tr. 1436–1463, 1464–1468).

At the October 19, 2022 hearing, Ms. Radnovich again amended her alleged onset date to May 11, 2016. (Tr. 1339). On November 2, 2022 the ALJ issued a decision unfavorable to Ms. Radnovich. (Tr. 1339–1355). Ms. Radnovich now requests judicial review of the ALJ's November 2, 2022 decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Ms. Radnovich was 31 years old on her alleged onset date and 33 years old at the date last insured. (Tr. 191, 1341). Ms. Radnovich alleged disability due to diabetes, attention deficit disorder, complex regional pain syndrome, and reflex sympathetic dystrophy. (Tr. 213). Ms. Radnovich has past work experience as a hospital insurance clerk, hospital admitting clerk, and sales clerk. (Tr. 1353).

## B.     Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. § 404.1545(a)(1).

3

economy, she is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ found Ms. Radnovich had not engaged in substantial gainful activity during the period from her alleged onset date through her date last insured. (Tr. 1342). The ALJ found Ms. Radnovich has these severe impairments: degenerative disc disease; reflex sympathetic dystrophy/complex regional pain syndrome; diabetes mellitus; obesity; depression; an anxiety disorder; chronic pain syndrome; and an attention deficit hyperactivity disorder. (*Id.*). However, the ALJ concluded Ms. Radnovich's impairments or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (*Id.*).

The ALJ found Ms. Radnovich had an RFC to perform light work[4] with these additional limitations:

> [S]he could lift and/or carry 20 pounds occasionally; she could lift and/or carry 10 pounds frequently; she could stand and/or walk for about 4 hours in an 8-hour day; she could sit for at least 6 hours in an 8-hour day; she could never climb ladders, ropes, or scaffolds; she could only occasionally climb stairs and ramps; she could frequently balance, stoop, kneel, crouch, or crawl; she could understand, remember and carry out simple, routine, repetitive instructions; she could concentrate, persist, and maintain pace

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(6).

4

> performing simple, routine, repetitive job tasks; she could have only occasional interaction with the public, coworkers, supervisors and she could have no production pace or quota driven work, such as, assembly lines.

(Tr. 1345).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Ms. Radnovich could not perform her past relevant work as a hospital insurance clerk, hospital admitting clerk, or sales clerk. (Tr. 1352–1353). However, considering Ms. Radnovich's age, education, work experience, RFC, and the testimony of a VE, the ALJ concluded other jobs exist in significant numbers in the national economy that Ms. Radnovich could perform. (Tr. 1353). Specifically, the ALJ concluded Ms. Radnovich can perform the jobs of routing clerk, office helper, and router. (Tr. 1354). Thus, the ALJ found Ms. Radnovich was not disabled. (*Id.*).

### III.   ANALYSIS

#### A.   Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to

5

accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Ms. Radnovich raises three issues on appeal. First, Ms. Radnovich argues the ALJ erred in determining Ms. Radnovich's RFC by making inconsistent factual findings and failing to clearly articulate the rule being applied. (Doc. 11, pp. 3–6). Next, Ms. Radnovich argues the ALJ erred in evaluating the medical evidence. (Doc. 11, pp. 6–12). Last, Ms. Radnovich

argues the ALJ erred in assessing her subjective allegations. (Doc. 11, pp. 13–20).

### 1. Whether the ALJ properly articulated an RFC finding of light work with additional limitations.

Ms. Radnovich argues the ALJ failed to make a "clear and unequivocal" decision on the issue of her RFC. (Doc. 11, pp. 3–6). Specifically, Ms. Radnovich claims the ALJ erred in determining Ms. Radnovich had the RFC to perform light work after finding the combined impact of her severe impairments limited her to "sedentary exertional work." (Doc. 11, p. 4; Tr. 1352). In response, the Commissioner contends the ALJ's singular mention of "sedentary exertional work" is a scrivener's error which does not diminish the ALJ's otherwise substantially supported findings. (Doc. 12, pp. 5, 7–10).

Ms. Radnovich does not argue the ALJ's RFC determination is unsupported by substantial evidence. (*See* Docs. 11, 13). Instead, Ms. Radnovich maintains that the ALJ's mention of "sedentary exertional work" in her determination of the limits of Ms. Radnovich's combined severe impairments was not a scrivener's error, and therefore, Ms. Radnovich's RFC should not include light work. (Doc. 11, p. 5; Doc. 13, pp. 1–4). Alternatively, Ms. Radnovich argues that if the ALJ's use of the phrase "sedentary exertional work" is a scrivener's error, the error warrants remand because the decision of the ALJ is not clear and unequivocal. (Doc. 13, pp. 1–4).

> The ALJ's decision states:
>
> However, I find the combined impact of the claimant's multiple severe impairments more reasonably limits him [sic] to *sedentary exertional work*, based largely on her degenerative disc disease, RSDS, CRPS, and chronic pain syndrome, chronic pain syndrome.

(Tr. 1352) (emphasis added). The Commissioner outlines numerous other excerpts of the ALJ's decision to support that the ALJ's mention of "sedentary exertional work" is a scrivener's error. (Doc. 12, pp. 8–9). Specifically, the ALJ determined Ms. Radnovich "had the residual functional capacity to perform light work" and correctly cited 20 C.F.R. 404.1567(b) which defines light work, not 20 C.F.R. 404.1567(a) which defines sedentary work. (Tr. 1345). The ALJ also concluded "the medical findings do not support the existence of limitations greater than a residual functional capacity to perform light exertional work with additional postural limitations." (Tr. 1346–1347). The ALJ referenced Ms. Radnovich's RFC to include light work two more times in her decision — when considering the effects of her obesity on her ability to exert herself (Tr. 1350) and in adopting Dr. Lawhorn's medical opinion about Ms. Radnovich's exertional and postural limits. (Tr. 1351; Tr. 110–112). The ALJ further referenced light work limitations in the hypothetical question posed to the VE. (Tr. 1402). The VE listed only jobs suitable for light work with additional limitations. (Tr. 1403). In response, the ALJ only included these jobs in her decision. (Tr. 1354).

It is clear the one instance of the ALJ mentioning "sedentary exertional work" is not an inconsistent factual finding, but a scrivener's error that does not warrant remand. *See McIrvin v. Kijakazi*, 661 F. Supp. 3d 1138, 1143–1145 (N.D. Fla. 2023) ("No principal of administrative law or common sense requires [a court] to remand a case in quest of a perfect opinion unless there is some reason to believe that the remand might lead to a different result.") (citation omitted); *see also Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 775–776 (11th Cir. 2016); *Trimble v. Comm'r, Soc. Sec. Admin.*, No. 23-10210, 2023 WL 8768903, n. 3 (11th Cir. Dec. 19, 2023).

### 2. Whether the ALJ properly evaluated the medical evidence.

Ms. Radnovich argues the ALJ failed to properly consider the medical opinions of Dr. Thomas Lawhorn. (Doc. 11, pp. 6–12). In response, the Commissioner contends the ALJ properly considered and explained the medical opinion evidence. (Doc. 12, pp. 10–14).

Under the revised regulations, an ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). The new regulatory scheme "forbids administrative law judges from 'defer[ring] or giv[ing] any specific evidentiary weight, including controlling weight, to any medical opinion(s),'"

9

*Harner v. Social Security Admin.*, Comm'r, 38 F.4th 892, 898 (11th Cir. 2022), and an ALJ does not have to "explain why good cause exists to disregard the treating source's opinion." *Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022). The ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)–(5). The ALJ must articulate how the supportability and consistency factors were considered for a medical source's opinions or prior administrative medical findings, but an ALJ need not articulate how the remaining factors were considered unless there are equally persuasive medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(b)(2).

On January 26, 2018 Dr. Lawhorn assessed Ms. Radnovich's physical limitations. (Tr. 111–113). Dr. Lawhorn opined Ms. Radnovich suffered physical limitations due to mild chronic degenerative disc disease, morbid obesity, and complaints of pain. (Tr. 111–112). The ALJ found the opinion to be persuasive and "adopt[ed] Dr. Lawhorn's opinion about the claimant's exertional and postural limitations verbatim." (Tr. 1351). Specifically, Ms. Radnovich takes issue with the fact that the ALJ used the same conclusory sentence in her August 6, 2019 remanded opinion as the November 2, 2022 opinion before the court. The ALJ states in both decisions, "I find [Dr. Lawhorn's] opinion to be very persuasive because it is from a medical expert,

10

is supported by medical evidence of record, and is not contradicted by other expert opinion." (Tr. 1351). While the ALJ does make this statement in both opinions, the November 2, 2022 opinion contains a more detailed analysis of Dr. Lawhorn's opinion. (*Compare* Tr. 23 to Tr. 1351–1352). The November 2, 2022 opinion also adequately addresses the supportability and consistency factors on which the ALJ focused to conclude that Dr. Lawhorn's opinion was persuasive. (Tr. 1351–1352).

Ms. Radnovich points to other medical opinions she claims contradict Dr. Lawhorn's opinion, and thus contradict the ALJ's determination of Dr. Lawhorn's persuasiveness. (Doc. 11, pp. 8–10). Ms. Radnovich essentially requests the court reweigh the medical evidence in her favor, something it cannot do. *See Portwood-Braun v. Comm'r of Soc. Sec.*, No. 22-11491, 2023 WL 2417856, *1 (11th Cir. Mar. 9, 2023). The ALJ's conclusion that Dr. Lawhorn's medical opinion was generally persuasive is supported by substantial evidence and thoroughly addressed throughout the decision. (*See* Tr. 110–113, 890–891, 940–941, 1190, 1341, 1347–1348, 1351). Thus, the ALJ properly considered the medical opinion of Dr. Lawhorn in reaching her RFC assessment.

    **3.    Whether the ALJ properly assessed Ms. Radnovich's subjective allegations.**

Ms. Radnovich argues the ALJ erred in finding her symptoms not as limiting as alleged. (Doc. 11, pp. 13–20). In response, the Commissioner

11

contends the ALJ properly articulated the reasons for discounting Ms. Radnovich's subjective complaints of disabling symptoms. (Doc. 12, pp. 14–19).

To establish a disability based on subjective symptoms, a claimant must show:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). If this step is satisfied, the ALJ then "evaluate[s] the intensity and persistence of an individual's symptoms such as pain and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities." Social Security Ruling (SSR)[5] 16-3p, 2017 WL 5180304, at *4 (Oct. 25, 2017); *see also* 20 C.F.R. § 404.1529(c). In evaluating intensity and persistence, the ALJ considers "all of the available evidence from [a claimant's] medical sources and nonmedical sources[,]" including objective medical evidence, daily activities, precipitating and aggravating factors, medications and treatments available to alleviate symptoms, the type, dosage, effectiveness, and side effects of

---

[5] SSRs are agency rulings published under the Commissioner's authority and are binding on all components of the SSA. *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990). They are not binding on a court. *B.B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981).

medications, and other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *5–7. If the ALJ elects not to credit a claimant's subjective testimony, he must articulate explicit and adequate reasons. *Dyer*, 395 F.3d at 1210 (quotation and citation omitted). In the end, subjective complaint evaluations come within the province of the ALJ. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citation omitted). A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Id.* (citing *Foote*, 67 F.3d at 1562).

Here, the ALJ recognized her obligation to consider "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p" and "the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c." (Tr. 1345). "After careful consideration of the evidence," the ALJ found that although Ms. Radnovich's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,] . . . [her] statements concerning the intensity, persistence and limiting effects of these symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record." (Tr. 1350).

13

Furthermore, the ALJ acknowledged and discussed Ms. Radnovich's subjective complaints. (Tr. 1345–1352). However, the ALJ noted that "[g]iven the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by a treating doctor. Yet a review of the record in this case reveals no restrictions recommended by a treating doctor." (Tr. 1350). The ALJ also noted that "although [Ms. Radnovich] alleged having extreme symptoms precluding most of her activities of daily living, her allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty." (Tr. 1350; *see also* Tr. 1344, 1352, 1382). Thus, the ALJ did not err in evaluating Ms. Radnovich's subjective complaints of disabling symptoms.

## IV. CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that the Commissioner's decision be **AFFIRMED** and the Clerk of Court be directed to enter judgment in favor of the Commissioner and close the case.

**ENTERED** in Tampa, Florida on January 24, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.