UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLE ANN RADNOVICH,

    Plaintiff,

v.                                                Case No: 8:23-cv-442-CEH-AAS

SOCIAL SECURITY
COMMISSIONER,

    Defendant.

## ORDER

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Amanda Sansone (Doc. 14) and the Objections of Plaintiff Carole Ann Radnovich (Doc. 15). Magistrate Judge Sansone has recommended that the Court affirm the decision of the Commissioner of Social Security denying Plaintiff's claim for Social Security disability benefits. Plaintiff raises three objections as to findings of the Administrative Law Judge.

Having considered the Report and Recommendation and Objections, and being fully advised in the premises, the Court will **ADOPT** the Report and Recommendation of the Magistrate Judge and **AFFIRM** the decision of the Commissioner of Social Security denying Plaintiff's claim for Social Security disability benefits.

**I.    BACKGROUND**

On September 26, 2017, Plaintiff Carole Randovich protectively applied for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"),

alleging disability as of September 27, 2012. (Tr. 15). The Agency denied her application in an initial determination and subsequently on reconsideration. (Tr. 121–130). Plaintiff timely requested and appeared at a hearing on June 25, 2019, before an administrative law judge ("ALJ"), Anne Sprague. (Tr. 33-64). Plaintiff was represented at that hearing by her current counsel, who amended the alleged onset date to September 5, 2014. In a hearing decision dated August 6, 2019, the ALJ found Plaintiff was not disabled (Tr. 15-26). On April 27, 2020, the Appeals Council denied Plaintiff's request for review (Tr. 1). Plaintiff appealed the Commissioner's decision, and District Judge Mary S. Scriven remanded Plaintiff's case for further examination by the ALJ. (Tr. 1436–1463, 1464, 1468).

On remand, Plaintiff attended a hearing, with her same counsel, before ALJ Anne Sprague on November 2, 2022. (Tr. 1372–1406). At the hearing, Plaintiff amended her onset date to May 11, 2016. (Tr. 1377).

After considering the evidence, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2018 (Tr. 1341). The ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of May 11, 2016 (Tr. 1342). The ALJ further found Plaintiff had the following severe impairments: degenerative disc disease, reflex sympathetic dystrophy/complex regional pain syndrome, diabetes mellitus, obesity, depression, an anxiety disorder, chronic pain syndrome, and an attention deficit hyperactivity disorder. (Tr. 1342). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of

the impairments in the listings of impairments (Tr. 1342). The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light exertional work, as defined in 20 C.F.R. § 404.1567(b), with limitations (Tr. 1345). Specifically, Plaintiff had the ability to:

> lift and/or carry 20 pounds occasionally; she could lift and/or carry 10 pounds frequently; she could stand and/or walk for about 4 hours in an 8-hour day; she could sit for at least 6 hours in an 8-hour day, she could never climb ladders, ropes or scaffolds; she could only occasionally climb stairs and ramps; she could frequently balance, stoop, kneel, crouch or crawl; she could understand, remember and carry out simple, routine, repetitive instructions; she could concentrate, persist, and maintain pace performing simple, routine, repetitive job tasks; she could only have occasional interaction with the public, coworkers, supervisors; and she could have no production pace or quota driven work, such as, assembly lines.

(Tr. 1345). Using a vocational expert ("VE") and based on Plaintiff's RFC for a reduced range of light work, the ALJ determined that Plaintiff could not return to her past relevant work as a hospital-insurance clerk, hospital-admitting clerk, or as a sales clerk. (Tr. 1352–1353). Considering Plaintiff's age,[1] education,[2] RFC, and work experience, the VE identified other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as routing clerk, office helper, and a router. (Tr. 1353–1354). Accordingly, the ALJ found that Plaintiff was not disabled under the Act from the amended onset date of May 11, 2016, through March 31, 2018,

---

[1] Plaintiff was 31 years old on her alleged onset date and 33 years old on her date last insured. (Tr. 191, 1341).
[2] She has a high school equivalency. Doc. 15 at 2.

3

her date last insured (Tr. 1354). On November 2, 2022, the ALJ issued a decision unfavorable to Plaintiff. (Tr. 1339–1355).

On February 28, 2023, Plaintiff initiated this action seeking judicial review of the ALJ's decision. Doc. 1. Plaintiff filed a memorandum in opposition to the Commissioner's decision (Doc. 11), the Commissioner filed a brief in support of the Commissioner's decision (Doc. 12), and Plaintiff replied (Doc. 13). On January 24, 2024, Magistrate Judge Sansone issued a report and recommendation recommending the Commissioner's decision be affirmed. Doc. 14. On February 5, 2024, Plaintiff filed her objections to the Magistrate Judge's report. Doc. 15.

## II.   STANDARD OF REVIEW

### A. Review of a Report and Recommendation

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). Objections to a Magistrate Judge's Report and Recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562

(M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

### B. Review of the Commissioner's Decision

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the Court finds that the proof preponderates against it. *See* 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). In other words, the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Phillips*, 357 F.3d at 1240 n.8 (quotation marks, citation, and alteration omitted).

### C. An ALJ's Five-Step Disability Analysis

The Social Security Administration employs a five-step sequential evaluation process to determine whether an individual is disabled. *See* 20 C.F.R. § 416.920(a)(4). The Eleventh Circuit has explained this process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial

5

> gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The plaintiff has the burden of proof on the first four steps; the Commissioner has the burden on the fifth step. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009). If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed. See 20 C.F.R. § 416.920(a)(4).

### III.   DISCUSSION

#### A.   Plaintiff's RFC

The ALJ made the RFC finding that Plaintiff is capable of light exertional work with limitations. Plaintiff argues that the ALJ made inconsistent factual findings regarding Plaintiff's RFC and this precludes meaningful review of the Commissioner's decision. Specifically, Plaintiff references the ALJ's statement in the decision: "However, I find the combined impact of the claimant's multiple severe impairments more reasonably limits him to sedentary work, based largely on her degenerative disc disease, RSDS, CRPA, and chronic pain syndrome." (Tr. 1352). Because this statement referenced "sedentary" work and the RFC finding was for "light" work,

Plaintiff urges this inconsistency "leaves the reader to speculate as to the ALJ's true intent." Doc. 15 at 4.

In its brief in support of the decision, the Commissioner argues that the single reference to "sedentary" was a typographical error and that the remainder of the decision clearly articulates and supports the ALJ's RFC finding of light work with limitations. The Magistrate Judge similarly concluded based on the ALJ's decision that the one-time reference to sedentary work was not an inconsistent finding, but rather was a scrivener's error that did not warrant remand.[3] In her objection to the report and recommendation, Plaintiff first argues the Commissioner's reliance on *Roberson v. Astrue*, No. 3:11-cv-2824-AKK, 2012 WL 3628678 (N.D. Ala. Aug. 17, 2012), is misplaced because it is factually distinguishable. But the Magistrate Judge did not cite or rely on the *Roberson* case, and thus this objection is without merit.

Instead, the Magistrate Judge considered the ALJ's RFC finding for light work with limitations. The Magistrate Judge noted the decision correctly cited the regulation for light work (20 C.F.R. 404.1567(b)). The Magistrate Judge also considered the ALJ's multiple discussions regarding light work with limitations throughout the decision, including when discussing the effects of Plaintiff's obesity on her ability to exert herself and in adopting Dr. Lawhorn's postural limitations. The Magistrate Judge further noted that the ALJ's hypothetical posed to the VE referenced light work

---

[3] The Court notes the ALJ also inadvertently refers to Plaintiff as both "him" and "her" in the same sentence. *See* (Tr. 1352) ("limits him to sedentary work limits, based largely on her degenerative disc disease"). This error does not warrant remand.

limitations, the jobs identified by the VE were suitable for light work with limitations, and the jobs cited in the decision were light work jobs. Based on these facts, the Magistrate Judge concluded that substantial evidence supported the ALJ's RFC finding which was clearly articulated in the decision. To the extent that Plaintiff's "objections" are merely rearguing errors in the ALJ's findings, such non-specific general objections are inadequate to permit this Court to effectively review any claim of error in the report and recommendation. *See, e.g., Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (holding that conclusive or general objections need not be considered by the district court).

On this issue, the only fact Plaintiff specifically challenges in the Report is the Magistrate Judge's failure to reference that the ALJ's RFC finding relied in large part on State Agency medical expert Dr. Lawhorn, who opined that Plaintiff was capable of sedentary work. According to Plaintiff, the reference to sedentary work in Dr. Lawhorn's records and the fact that the ALJ adopted Dr. Lawhorn's exertional and postural limitations "verbatim" is further evidence that the reference to sedentary in the ALJ's decision was not a mistaken transposition of a single word. Plaintiff argues the Report should be rejected and the decision remanded because neither the Commissioner nor the Magistrate Judge acknowledged Dr. Lawhorn's finding that based on the seven strength factors of the physical RFC, Plaintiff was capable of performing sedentary work.

As a preliminary matter, Plaintiff never raised the argument to the Magistrate Judge that the ALJ's decision was confusing or in error because Dr. Lawhorn's records

8

included an RFC of "sedentary" in his records. A "district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). In *Williams*, the Eleventh Circuit made clear that the district court retains "final adjudicative authority" in deciding whether to consider and evaluate new arguments that a party did not raise before the magistrate judge. *Id.* Thus, the Court finds Plaintiff has waived the issue by failing to raise it before the Magistrate Judge. *See Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259–60 (11th Cir. 2022) (citing *Williams*, 557 F.3d at 1292).

Even if the Court were inclined to consider the issue, however, Plaintiff's argument still fails. Although the ALJ adopted the exertional postural limitations verbatim from Dr. Lawhorn's records, she did not, and was not required to, adopt the RFC finding of Dr. Lawhorn. Pursuant to the Regulations, the ALJ is the one responsible for determining the RFC. *See* 20 C.F.R. § 404.1546(c) ("If [a claimant's] case is at the administrative law judge hearing level . . . , the administrative law judge . . . is responsible for assessing [the claimant's] residual functional capacity."). The ALJ did not adopt the RFC conclusion of Dr. Lawhorn. Thus, there is no confusion in the ALJ's RFC finding that Plaintiff was capable of performing light exertional work with the limitations identified. The ALJ discussed throughout the decision that Plaintiff was capable of performing light exertional work with limitations. The postural limitations were included in the hypothetical posed to the VE, and the VE identified light exertional jobs available in the national economy that Plaintiff could perform that

9

are consistent with the ALJ's RFC finding. Substantial evidence supported the ALJ's conclusion. Although Plaintiff summarily argues to the contrary,[4] she does not direct the Court to evidence in the record that demonstrates she is more limited than the ALJ found. There is no need to remand to correct the inadvertent reference to sedentary in the ALJ's decision where remand would not change the result. *See, e.g., Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (ALJ's factual error will be considered harmless if it is clear that the error did not affect the ALJ's ultimate determination). Plaintiff's objection on this point is overruled.

## B. Dr. Lawhorn's Opinion

Plaintiff' second objection is that the ALJ failed to properly consider the medical opinions of Dr. Lawhorn.[5] Doc. 14 at 9–11. Plaintiff acknowledges that under the revised guidelines, the ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The ALJ now determines the persuasiveness of medical opinions by considering supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. § 404.1520c(c).

---

[4] Plaintiff takes issue with the Commissioner and the Magistrate Judge's statements that she did not argue that the ALJ's decision is unsupported by substantial evidence, claiming she did make that argument. Doc. 15 at 4 (citing Doc. 11 at 3). However, like her initial brief, other than the conclusory statement that the ALJ's decision is unsupported, Plaintiff does not cite to evidence in the record specifically contradicting the ALJ's RFC finding.
[5] Again, to the extent that Plaintiff's "objection" is merely a rehashing of her arguments as opposed to a specific challenge to the legal or factual findings of the Magistrate Judge, Plaintiff's challenge is without merit.

Plaintiff asserts that the ALJ fails to comply with the new regulations, in failing to detail (1) the evidentiary basis for her determination that Dr. Lawhorn's opinion was "very persuasive;" (2) which "longitudinal record and reports" were relied upon to support Dr. Lawhorn's opinions; and (3) the evidentiary support for Dr. Lawhorn's finding that Plaintiff declined to continue treatment. On the first issue, Plaintiff claims the ALJ committed the same error that resulted in remand previously because the ALJ used the exact same statement—"Dr. Lawhorn's opinion is from a medical expert, is supported by medical evidence of record, and is not contradicted by other expert opinion" — which was rejected as conclusory and inadequate by Judge Scriven. As the Magistrate Judge points out here, however, although the ALJ used this same statement in both the prior and current decisions, the new November 2022 decision contains a more detailed analysis of Dr. Lawhorn's opinion, which adequately addresses the supportability and consistency factors on which the ALJ focused to conclude that Dr. Lawhorn's opinion was persuasive. Review of the decision reveals that the ALJ stated reasons for relying on Dr. Lawhorn's opinions, including that Dr. Lawhorn's assessment was consistent with the longitudinal record and reports that indicate the Plaintiff declined to continue care and was consistent with Plaintiff's ability to do some daily activities. (Tr. 1351–1352). Thus, the ALJ articulated a basis in the record for finding Dr. Lawhorn's opinions persuasive as required by the new regulations.

Next, Plaintiff argues that the stated reasons for finding Dr. Lawhorn's opinions persuasive were inadequate because the ALJ fails to more specifically identify the

11

"longitudinal records and reports" relied upon. This statement from the ALJ was made in the paragraph discussing Dr. Lawhorn, his opinions, and his records. Review of Dr. Lawhorn's records reveals the medical evidence he relied upon in assessing Plaintiff's postural limitations. *See* (Tr. 112). And the ALJ's decision includes a full discussion of the records reviewed and considered. (Tr. 1346–1350). Moreover, the Eleventh Circuit has held, "[s]o long as the ALJ's decision demonstrates to the reviewing court that it considered the claimant's medical condition as a whole, the ALJ is not required to cite every piece of evidence in the record." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1326 (11th Cir. 2021) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

Regarding the reference to declining treatment, in the decision, the ALJ discusses Dr. Ellis's records and specifically notes that in 2016 Plaintiff reported complaints of back pain dating back five years. Plaintiff saw a pain physician with mixed success but stopped seeing a physician secondary to insurance changes, was not taking any medications "for quite some time," and did not have any updated imaging. (Tr. 890–891, 1347). While Plaintiff refutes the statement that Plaintiff has not been under continuous care, Plaintiff relies primarily on medical treatment rendered after the date last insured or records that do not pertain to treatment for her complaints of back and neck pain related to the postural limitations assessed by Dr. Lawhorn.[6]

---

[6] Plaintiff does not actually address any specific medical records in her objection but instead refers to her initial brief which discussed, for the most part, her medical treatment after the date last insured or for treatment related to her mental impairments. *See* Doc. 11 at 9–10. Significantly, she does not cite any evidence that contradicts Dr. Ellis's notes reflecting a gap

Plaintiff next argues error in the Magistrate Judge's failure to address the issues regarding a decline in treatment and Plaintiff's argument related to daily activities. While Plaintiff is correct that Plaintiff's participation in everyday activities of short duration does not necessarily disqualify her from disability where other evidence supports a finding of disability, *see Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 1005, 1011 (11th Cir. 2016) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997)), the ALJ may appropriately consider daily activities among all other record evidence when making a residual functional capacity finding. *See Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987). And, critically, Plaintiff here fails to direct the Court to any medical evidence that demonstrates greater limitations than those assessed by the ALJ in her RFC finding.[7] To the extent Plaintiff relies on other medical opinions generally, as the Magistrate Judge points out, the Court may not reweigh the medical evidence or substitute its judgment. *See Buckwalter,* 5 F.4th at 1320; *Dyer v. Barnhart*, 395 F.3d at 1210. Plaintiff's objection on these issues is overruled.

C.   **Plaintiff's Subjective Complaints**

In her final objection, Plaintiff complains that the ALJ discounted Plaintiff's testimony on the basis that her statements regarding the severity, persistence, and limiting effects are not entirely consistent with the medical and other evidence of record, but failed to cite to medical evidence that is inconsistent with Plaintiff's

---

in treatment and lack of medication or updated imaging in the five years preceding Plaintiff's visit with Dr. Ellis in 2016.

[7] In the decision, the ALJ observes that Plaintiff's treatment records do not reflect any restrictions recommended by a treating doctor (Tr. 1350), and Plaintiff fails to identify any.

13

statements and only selectively referenced those records that support her conclusion while ignoring those records that support a different outcome. Doc. 15 at 17. Specifically, Plaintiff claims that Drs. Ellis, Hassan, and Perera found Plaintiff's degenerative disc disease to be of such severity to warrant multiple bilateral epidural steroid injections, median branch nerve blocks, and radiofrequency ablations of the cervical and lumbar spine. While the records reflect this treatment, as the ALJ points out, no treating doctor assessed limitations greater than those included in the RFC.

"As the reviewing Court, the question is not whether [the] ALJ could have reasonably credited [the] claimant's pain testimony, but whether the ALJ was clearly wrong to discredit it." *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462, 2017 WL 3381714, *9 (M.D. Fla. Aug. 7, 2017) (quoting *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (modifications omitted)). Subjective complaint evaluations come within the province of the ALJ, and a reviewing court will not disturb a clearly articulated finding regarding a Plaintiff's subjective complaints that are supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citations omitted). The Magistrate Judge found that the ALJ discussed Plaintiff's subjective complaints and articulated reasons from the record for discounting them, including the lack of restrictions by a treating doctor and Plaintiff's testimony of her activities. Review of the ALJ's decision reflects the ALJ discussed the objective medical findings and the other relevant evidence. (Tr. 1342–1352). The ALJ is not obligated to reference every piece of evidence in her decision provided the decision is sufficient to enable the Court to conclude that the ALJ properly considered

14

claimant's condition as a whole, which the ALJ did here. *Dyer*, 395 F.3d at 1211. Because the ALJ's decision is supported by substantial evidence, it must be affirmed.

Accordingly, it is hereby **ORDERED**:

1. The Objections of Plaintiff Carole Ann Radnovich (Doc. 15) to the Report and Recommendation of the Magistrate Judge are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 14) is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3. The decision of the Commissioner of Social Security denying Plaintiff's claim for Social Security disability benefits is **AFFIRMED.**

4. The Clerk is directed to enter judgment in favor of the Commissioner of Social Security and against Plaintiff Carole Ann Radnovich.

5. The Clerk is further directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 25, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties